JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-5382 PA (FFMx) | Date | July 21, 2015 |
|---|---|---|---|
| Title | Xochilt Robinson v. Johnson & Johnson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

      Before the Court is a Notice of Removal filed by defendant Ethicon, LLC ("Ethicon") on July 15, 2015. Ethicon notes that its co-defendants, Johnson & Johnson and Ethicon, Inc. consent to removal. (Notice ¶ 42.) Ethicon asserts that the Court has jurisdiction over this action, brought by plaintiff Xochilt Robinson ("Plaintiff"), based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

      On December 13, 2013, sixty-seven plaintiffs filed a Complaint, styled Robinson, et al. v. Johnson & Johnson, et al., Case No. BC531848, in Los Angeles County Superior Court. The plaintiffs allege various injuries caused by a pelvic mesh product. The case was removed to the Central District on February 5, 2014 and remanded on March 12, 2014. The Superior Court granted a motion to sever on June 22, 2015, giving each severed plaintiff a specific docket number including a unique "alpha suffix" added to the original docket number, BC531848.

      "Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). In attempting to invoke this Court's diversity jurisdiction, Ethicon must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5382 PA (FFMx) | Date | July 21, 2015 |
|---|---|---|---|
| Title | Xochilt Robinson v. Johnson & Johnson, et al. | | |

**A.      Diversity of Parties**

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Here, Plaintiff is allegedly a resident and citizen of California.  Johnson & Johnson is a citizen of New Jersey; Ethicon, Inc. is a citizen of New Jersey; and Ethicon is a citizen of Ireland because its sole member, Ethicon PR Holdings, is a private unlimited company organized under the laws of Ireland with its principal place of business in Cork, Ireland.

**B.      Amount in Controversy**

When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction.  Gaus, 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)).  "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  "Conclusory allegations as to the amount in controversy are insufficient."  Id. at 1090-91.  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]."  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).[1/]

---

[1/]      Ethicon cites the Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, and quotes from the House Report accompanying the bill for the proposition that "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met."  H.R. Rep. No. 112-10 at 16 (2011).  Interpreting the Act in Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014), the Supreme Court acknowledged that while "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," evidence establishing the amount in controversy may be required if the court questions the defendant's allegation.  Here, the Court questions Ethicon's amount in controversy allegation because it is based on a Complaint alleging damages on behalf of more than sixty plaintiffs, with no individualized

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-5382 PA (FFMx) | Date | July 21, 2015 |
|---|---|---|---|
| Title | Xochilt Robinson v. Johnson & Johnson, et al. | | |

Here, Ethicon attempts to establish the amount in controversy solely by citation to the original complaint filed on behalf of more than sixty individual plaintiffs. Ethicon lists the categories of damages sought by the plaintiffs collectively, but provides no information regarding Plaintiff's individual situation. For example, the Court has no information regarding the specific nature or extent of Plaintiff's injuries, her past or future medical expenses, or her earning capacity. The Court has no basis to find that it is more likely than not that the amount in controversy exceeds $75,000.

    **C.    Timeliness of Removal**

To remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal. These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Diversity cases where the initial pleading is not removable "may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Here, Ethicon argues that § 1446(c)(1) does not apply because Plaintiff has always been diverse from Defendants. The Ninth Circuit has construed § 1446(c)(1) to apply only to cases removed pursuant to § 1446(b)(3)—i.e. cases that "become" removable. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-18 (9th Cir. 1998) ("The first paragraph of § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception."). However, Ethicon's claim that the instant case has always been removable is simply not accurate. As Ethicon notes, the Central District held prior to severance that the "initial pleading" was not removable. If Ethicon's position is that the Complaint filed in Case No. BC531848 is not the "initial pleading" in the instant case, it is not clear that an initial pleading has even been received. See Milton A. Jacobs, Inc. v. Manning Mfg. Corp., 171 F. Supp. 393, 395 (S.D. N.Y. 1959) ("[P]arties seeking removal can take no action until they have received a copy of the 'initial pleading.'").

---

facts about Plaintiff.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 15-5382 PA (FFMx) | Date | July 21, 2015 |
|---|---|---|---|
| Title | Xochilt Robinson v. Johnson & Johnson, et al. | | |

  Ethicon argues that if § 1446(c)(1)'s one-year rule applies, removal is nonetheless timely because the instant action was "commenced" on June 22, 2015 when the instant case was severed from Case No. BC531848.  Ethicon does not cite any authority for this argument, and the Court is not persuaded.  The filing date of the Complaint in Case No. BC521848 is the "commencement date" for purposes of § 1446(c)(1).  See, e.g., Wejrowski v. Wyeth, No. 4:06CV292 CDP, 2012 WL 2367388, at *3 (E.D. Mo. June 21, 2012) ("But even though the plaintiffs' second amended complaint will proceed as an independent claim from the point it was severed, it was still part of the original case filed on July 7, 2004, and the state court recognized that it was commenced then.  Defendant's opportunity to remove was limited to one year from that original commencement date, and the intervening removal, remand, and severance have no effect on the one-year time limit.").

  Finally, Ethicon argues that even if removal is not timely under § 1446(c)(1), the statute does not bar removal when the delay is due to Plaintiff's bad faith conduct and state court docket delays.  First, Ethicon notes that while Plaintiff has served other defendants, she has yet to serve Ethicon.  See Escalante v. Burlington Nat. Indem. Ltd., No. 2:14-CV-7273 ODW, 2014 WL 6670002, at *4 (C.D. Cal. Nov. 24, 2014); WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC, No. 2:12-CV-01454-RJC-PAL, 2012 WL 5198478, at *2 (D. Nev. Oct. 18, 2012).  However, there is no evidence that Plaintiff's delay in serving Ethicon was intended to stymie removal—the case did not become potentially removable until the case was severed, well after § 1446(c)(1)'s one-year period had expired.  Second, Ethicon argues that Plaintiff's counsel's repeated misjoinder of nondiverse plaintiffs to keep their cases out of federal courts constitutes bad faith under § 1446(c)(1).  Here, Ethicon emphasizes that Plaintiff's counsel originally joined sixty-four diverse plaintiffs with three non-diverse plaintiffs and argues that this was purely a "manipulative tactic[]" employed to defeat diversity.  Ethicon notes that Plaintiff's attorneys have filed similar lawsuits with similarly skewed ratios of diverse to non-diverse plaintiffs.  "The Ninth Circuit has not addressed the standard to be applied to meet the bad faith requirement of the amendment to Section 1446 nor has it recognized any equitable exceptions to section 1446(c)(1). . . . While it is unclear what standard would be used in this context, the requirement that a party acts in bad faith sets a high threshold."  NKD Diversified Electronics, Inc. v. First Mercury Ins. Co., No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *3 (N.D. Cal. Apr. 28, 2014) (internal citations omitted).  Defendants argued fraudulent joinder when they first removed this action to this Court, and the Court found no evidence that joinder was "egregious."  See Case. No. 14-CV-899 JGB (Spx), Docket No. 32 at 4.  Similarly, Ethicon has now failed to provide evidence showing that the handful of non-diverse plaintiffs in this case were joined in bad faith.  Third, Ethicon argues that state court docket delays warrant equitable tolling of § 1446(c)(1)'s one-year period.  As noted in NKD Diversified, the Ninth Circuit has not recognized equitable exceptions to § 1446(c)(1).

  Accordingly, Ethicon's Notice of Removal is not timely under § 1446(c)(1).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5382 PA (FFMx) | Date | July 21, 2015 |
|---|---|---|---|
| Title | Xochilt Robinson v. Johnson & Johnson, et al. | | |

**Conclusion**

      For the foregoing reasons, Ethicon has failed to meet its burden of showing that diversity jurisdiction exists over this action.[2/]  Accordingly, this action is hereby remanded to the Los Angeles Superior Court, Case No. BC531848BBB, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

---

[2/]    Although the Court recognizes that the one-year limitation addressed above is procedural, the amount in controversy requirement is jurisdictional.  See Smith v. Mylan, Inc., 761 F.3d 1042, 1043 (9th Cir. 2014) ("We hold that the district court acted in excess of its statutory authority because the one-year time limitation for removal of diversity cases under § 1446(b) is a procedural requirement rather than jurisdictional.  While the district court may remand at any time prior to final judgment for lack of subject matter jurisdiction, it cannot remand sua sponte based on a non jurisdictional defect because procedural deficiencies are waivable.").